IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONTANEOUS SALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19 -CV-00392 -MAB |
| | ) |
| MICHAEL BAILEY, ET AL., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. Plaintiff Dontaneous Salley filed this *pro* se suit under 42 U.S.C. § 1983 on April 9, 2019 alleging claims that prison staff at Pinckneyville Correctional Center ("Pinckneyville") violated his rights to access the courts and retaliated against him in violation of the First Amendment (Doc. 1). Following a threshold review of his complaint pursuant 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following two counts:

> **Count 1:** First Amendment claim against Defendants Bailey, McBride, Love, Mason, and Grigsby for violating Plaintiff's right to access the courts by withholding legal documents resulting in the dismissal of his suit; and
>
> **Count 2:** First Amendment retaliation claim against Bailey, McBride, Love, Mason, and Grigsby, who refused to give Plaintiff his legal documents and other property because he filed civil suits against IDOC officials

(Doc. 9).

Defendants Grigsby, Love, and Thompson filed a motion for summary judgment on October 24, 2019, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act (Doc. 29). Plaintiff's response to the motion for summary judgment was due on or before December 2, 2019 (*see id.*). On December 2, 2019, Plaintiff filed a motion for extension of time to file a response to the motion for summary judgment (Doc. 31), which was granted. Plaintiff's response, after the extension, was due on or before January 18, 2020 (Doc. 34).

Plaintiff never filed a response to the motion for summary judgment. Instead, Plaintiff filed a notice of change of address on February 26, 2020 (Doc. 36) and a motion for appointment of counsel the same day (Doc. 37). The Court entered a Show Cause Order on June 11, 2020, explicitly warning Plaintiff of the consequences of failing to respond to the motion for summary judgment (Doc. 40). Plaintiff never responded to that Order; rather, he filed a motion for status inquiring about his motion for counsel on June 16, 2020 (Doc. 43). In ruling on the motion for status, the Court reminded Plaintiff on June 17, 2020, that he had not responded to the Defendants' motion for summary judgment and that he needed to do so by July 10, 2020 or show cause why his failure to respond should not be deemed an admission of the merits of that motion (Doc. 44). Again, this Order was ignored by Plaintiff, but he chose to respond to a motion to compel on June 29, 2020 (Doc. 47). To date, Plaintiff has not responded to Defendants' motion for summary judgment or the Court's Show Cause Order.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil

Procedure] or any court order." FED. R. CIV. P. 41(b). *See also James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir.2005) (under Rule 41(b), a "district court has the authority ... to [dismiss a case] for lack of prosecution."). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break . . . ." *Id.* at 681. If a party fails to litigate its claims or otherwise abide by the court's orders, the court has the inherent authority to *sua sponte* dismiss the matter. *Id.; O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000).

In the present matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. Nevertheless, Plaintiff is obligated to comply with Court-imposed deadlines and to communicate with the Court, particularly when the Court demands that he do so. Plaintiff failed to respond to Defendants' motion for summary judgment, despite a reminder from the Court to do so. Plaintiff also failed to respond to the Court's Show Cause Order despite being warned of the consequences. Instead, Plaintiff cherry-picked motions to respond to in the nine months since Defendants filed their motion for summary judgment, filing a motion for status and motion for counsel, as well as a response to a motion to compel. Accordingly, the Court views Plaintiff's intentional non-response to Defendants' motion for summary judgment as deliberate, indicating that Plaintiff is no longer interested in pursuing his claims against those Defendants.

Consequently, the Court construes Plaintiff's failure to respond to Defendants Grigsby, Love, and Thompson's motion for summary judgment as an admission of the

merits of that motion (Doc. 29) and it will be **GRANTED**. *See* SDIL–LR 7.1(c) (The lack of response to a motion for summary judgment may be construed as admission of the merits of the motion). A dismissal for failure to exhaust is normally a dismissal *without prejudice*. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust[.]"). However, in this instance, the Court finds it appropriate to exercise its discretion and dismiss Defendants Grigsby, Love, and Thompson pursuant to FED. R. CIV. P. 41(b) for Plaintiff's deliberate failure to prosecute his case against these Defendants. Because Plaintiff failed to respond to Defendants' motion for summary judgment, despite the Court's reminder to do so and Plaintiff's failure to respond to the Court's Show Cause Order, the Court can only conclude that Plaintiff is no longer interested in pursuing claims against these Defendants. Accordingly, Plaintiff's claims against Defendants Grigsby, Love, and Thompson are **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a Court Order and failure to prosecute. This matter shall proceed on Plaintiff's two claims against Defendants Michael Bailey, Carol McBride, and Ylana Mason.

    IT IS SO ORDERED.

    DATED:   August 3, 2020

                                          s/   Mark A. Beatty
                                          **MARK A. BEATTY**
                                          **United States Magistrate Judge**