IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DONTANEOUS SALLEY,**

      **Plaintiff,**

v.

**MICHAEL BAILEY, CAROL MCBRIDE,**
**and YLANA MASON,**

      **Defendants.**

Case No. 3:19-CV-392-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the motions for summary judgment filed by Defendant Ylana Mason (Doc. 60) and Defendants Michael Bailey and Carol McBride (Doc. 65). Plaintiff Dontaneous Salley filed a response in opposition (Doc. 68), and Defendant Mason filed a reply brief (Doc. 68). For the reasons set forth below, Defendant Mason's motion is granted. The motion filed by Defendants Bailey and McBride is granted in part and denied in part.

## BACKGROUND

The following facts are undisputed for purposes of summary judgment and are viewed in a light most favorable to Salley.

On September 21, 2018, Salley filed a complaint in the U.S. District Court for the Central District of Illinois captioned *Salley v. Johnson et. al.*, Case No. 1:18-cv-1343, Doc. 1 (Sept. 21, 2018). On November 9, 2018, the court in that case entered a Merit Review Order dismissing Salley's complaint for violating Federal Rule Civil Procedure 8. *Id.* at Doc. 14.

The court described Salley's complaint as a "confused 121-page, handwritten document" combining unrelated claims against 15 defendants, with exhibits intertwined among the various sections of the complaint. *Id.* The court further informed Salley that he improperly combined those unrelated claims with one vague allegation of retaliation, and he failed to clearly articulate the specific facts that allegedly gave rise to the retaliation. *Id.* The court gave Salley until November 30, 2018, to file an amended complaint with no exhibits attached. *Id.* After that date, his case would be dismissed with prejudice. *Id.*

Salley was transferred from Illinois River Correctional Center to Pinckneyville Correctional Center on November 20, 2018. (Doc. 66-1 at p. 9). In a letter dated November 21, 2018, Salley explained to the Central District of Illinois that he had been transferred to another prison and his legal documents had not yet arrived; therefore, he would be unable to amend his complaint by the deadline. *Salley v. Johnson et. al.*, Case No. 1:18-cv-1343, Doc. 16. In a text order, the court said it would allow Salley to have one extension of time to file an amended complaint and gave Salley until January 4, 2019, to do so. *Id.* at Doc. 18. Salley received his legal paperwork from Illinois River around November 28, 2018. (Doc. 61-3 at p. 39).

Salley was scheduled to leave Pinckneyville on December 12, 2018, on a court writ for a hearing the following Monday, December 17, 2018. (*Id.* at p. 47). On December 9, 2018, Salley packed up all of his property for storage while he was gone. (*Id.* at p. 119). Salley was anxious about going to Stateville, however, due to death threats against him at that prison. (*Id.* at p. 47). Instead of getting on the writ bus, Salley admitted that he went on a mental health crisis watch. (*Id.* at p. 48). That way, Salley would have to be

transported from Pinckneyville to Chicago on the morning of his hearing and return the same day. (*Id.*). Salley testified the transport was eight to nine hours one-way, so the correctional officers were angry that he missed his writ bus. (*Id.* at p. 97).

Salley remained on crisis watch until December 13, 2018, and was not due to get his property back until his crisis watch was over. (*Id.* at p. 49). Defendant Bailey was the property officer at Pinckneyville, meaning he would search all inmate personal property going out of and coming into the facility. (*Id.* at p. 104). Salley testified that Bailey was scheduled to go on vacation around the date his crisis watch ended, and that Bailey told him, prior to leaving for vacation, that he would not get his property back. (*Id.* at pp. 93, 107). Salley testified that Bailey told Officer Grigsby, his replacement while on vacation, not to give Salley his property. (*Id.* at p. 93). Sometime after Bailey returned from vacation, he told Salley he found out Salley was a "grievance writer." (*Id.* at p. 133).

On December 16, 2018, Salley spoke with Defendant Mason, a Qualified Mental Health Professional, as part of his Crisis Watch Discharge Assessment. (Doc. 61-1 at p. 2). Salley mentioned he was missing his property at that evaluation. (*Id.*). Salley left for his court writ on December 17, 2018, and returned the same day. (*Id.* at p. 66). When he returned, Mason evaluated Salley's suicide potential. (*Id.* at p. 68). During his evaluation, Salley told Mason he had been harassed by the property officer, he was only worried about receiving his personal and legal property because he had a court deadline, and that he would like to speak to internal affairs so he could have evidence that he exhausted all remedies. (*Id.*). Mason wrote in her report that she would notify internal affairs of Salley's request to speak with them. (*Id.*). This was the last interaction Mason had with Salley.

(Doc. 61-1 at p. 2).

Salley also spoke with Defendant McBride, the zone lieutenant, about 10 times regarding his property. (Doc. 61-3 at p. 134). As a zone lieutenant, McBride was in charge of ensuring the officers were doing their jobs properly. (*Id.* at p. 106). Salley asked McBride where his property was because he needed it for a court deadline, and she told him he might not ever get it back because he went on crisis watch and missed the writ bus. (*Id.* at 136-37). As a result, the prison had to pay officers overtime for his transportation to his hearing. (*Id.*). When Salley continued to bring it up to McBride, she told him, "They give it to you when they give it to you." (*Id.* at p. 153).

Salley testified that he had no pens or paper, or any means of filing anything with the court at that time. (*Id.* at p. 76). He also could not recall if he asked any mental health staff to assist him in contacting the court. (*Id.*). Salley did, however, execute a declaration on December 18, 2018, which was e-filed on January 2, 2019, in a Northern District of Illinois case, *Salley v. Sgt. Parker*, No. 18-5700, Doc. 29. (Doc. 66-2). He also prepared a memorandum in support of preliminary injunction on December 23, 2018, which was e-filed, along with a proposed order, in his Northern District of Illinois case on January 2, 2019. (Docs. 66-3, 66-4).

Salley ultimately failed to file an amended complaint in his Central District case by January 4, 2019. *Salley v. Johnson et. al.*, 1:18-cv-1343, Doc. 19. As a consequence, the court dismissed his complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and repeated failure to follow court orders. *Id.* The court entered judgment on January 14, 2019. *Id.*

On April 9, 2019, Salley filed his Complaint in this matter. (Doc. 1). After this Court's preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Salley is proceeding on his claim that Defendants violated his First Amendment rights by restricting his access to the courts (Count 1) and by retaliating against him for filing civil lawsuits against IDOC officials (Count 2).

## LEGAL STANDARD

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); s*ee also Ruffin Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *see also Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

Once the moving party sets forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 232-24 (1986). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. The party opposing summary judgment must offer admissible evidence in support of his version of events; hearsay evidence does not create a genuine

issue of material fact. *Durling v. Menard, Inc.*, No. 18 C 4052, 2020 WL 996520, at *2 (N.D. Ill. Mar. 2, 2020) (citing *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 484 (7th Cir. 1996)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the non-movant. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[i]nferences that rely upon speculation or conjecture are insufficient." *Armato v. Grounds*, 766 F.3d 713, 719 (7th Cir. 2014). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted).

## DISCUSSION

### I. First Amendment Right to Access the Court

"The right to access the court is fundamental and essential to prisoners' ability to vindicate legal rights." *Jones v. Van Lanen*, 27 F.4th 1280, 1287 (7th Cir. 2022). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004).

To prove that a prison official violated an individual's right to access the court, the prisoner must show more than just some minimal degree of impediment in filing claims. *Jones*, 27 F.4th at 1288. He must present evidence demonstrating (1) a non-frivolous underlying claim; (2) official acts hindering the inmate's efforts to pursue that claim; and (3) that actual injury or harm resulted. *Id.* at 1287.

The second element requires proof that the officials took action to frustrate the

prisoner's efforts "to vindicate his rights through litigation." *Id.* The third element requires a plaintiff to specify a remedy the alleged action has put out of reach. *Harer v. Casey*, 962 F.3d 299, 308 (7th Cir. 2020). "In other words, a plaintiff must demonstrate substantial and irreparable prejudice to his or her sought-after remedy." *Id.* at 309 (quotation omitted). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

### A. Defendant Mason

Defendant Mason argues she is entitled to summary judgment because she had no personal involvement in any actions involving Salley's legal documents, she had no authority over Salley's property, and she could not override security to compel the return of his documents. And Salley admits he has no evidence that Mason purposely did not provide his legal paperwork because she wanted his lawsuit to be dismissed. (Doc. 61-3 at p. 82). He also admitted that Mason, as a mental health professional, had no authority to review his property and determine which items he should receive. (*Id.*). Accordingly, the Court finds that Salley is unable to prove that Mason took action to keep Salley from vindicating his rights through litigation, and Mason is entitled to summary judgment.

### B. Defendants Bailey and McBride

Defendants Bailey and McBride also move for summary judgment, arguing only that Salley cannot establish he suffered any actual injury because of Defendants' alleged

actions. Defendants point to evidence that Salley was able to file three documents on January 2, 2019, in a different case he had pending. Additionally, they argue, it was Salley's responsibility to file an amended complaint by January 4, 2019, in order to prevent the dismissal of his case, and it was his fault—not Defendants' fault—when he failed to file anything.

Defendants' response falls short of demonstrating they are entitled to summary judgment. Salley testified that Bailey told him he would not be getting his property back and that he would tell the officer covering his vacation not to give Salley his property. (Doc. 61-3 at p. 102). Salley also testified that he told Bailey and McBride that he needed his legal documents because he had a court deadline and that, if he did not get his documents, his case would be dismissed. (*Id.* at pp. 136-37). Salley testified that McBride did not care and that the reason he didn't have his property is because he went on crisis watch. (*Id.* at p. 137). Defendants have presented no evidence refuting this testimony in the form of affidavits, deposition testimony, or other materials in the record.

A reasonable jury could conclude, based on Salley's undisputed testimony, that he had a non-frivolous claim,[1] that Bailey and McBride knew he needed his legal property in order to draft an amended complaint but refused to give it to him, and that, as a result, he missed his deadline and his case was dismissed with prejudice. Although Salley was able to file three documents in a separate court case on January 2, 2019, those documents consisted of a two-page declaration, a one-page proposed order, and a three-page

---

[1] Salley's complaint in his Central District case was dismissed without prejudice for failure to comply with Rule 8, not because it was frivolous.

memorandum in support of a preliminary injunction. (Docs. 66-2, 66-3, 66-4). Salley easily could create these documents from scratch; amending a 121-page, handwritten complaint against 15 defendants without access to the original document or any other personal records would be nearly impossible for an attorney, much less a *pro se* prisoner plaintiff. For these reasons, the Court finds that Bailey and McBride are not entitled to summary judgment.

## II.     Retaliation

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). To prove a claim for First Amendment retaliation, a prisoner must provide evidence sufficient to allow a reasonable jury to conclude that he "engaged in protected First Amendment activity, suffered a deprivation that would likely deter future First Amendment activity, and the First Amendment activity was a motivating factor in the defendant's decision to take the retaliatory action." *Jones*, 27 F.4th at 1284.

As argued by Defendants, Salley has no evidence he was retaliated against because he exercised his First Amendment rights.[2] Rather, Salley admitted in his deposition that his property was withheld because he purposefully went on crisis watch to avoid going to Stateville on a court writ. He also claims he was retaliated against for having a mental illness. These are not First Amendment activities. Even if they were, keeping one's

---

[2] While Salley testified that Bailey called him a "grievance writer," this interaction occurred *after* Bailey returned from vacation, *i.e.*, after he told the officer filling in for him to withhold Salley's property.

property from them is not a deprivation likely to deter future First Amendment activity. Indeed, Salley has filed four cases in federal courts since his property was withheld.

Because no reasonable jury could conclude that Salley's First Amendment activities were a motivating factor in Defendants' decision to retaliate or that Salley suffered a deprivation that would likely deter his future First Amendment activity, Defendants are entitled to summary judgment on Salley's retaliation claim.

### CONCLUSION

For these reasons, the Motion for Summary Judgment filed by Defendant Ylana Mason (Doc. 60) is **GRANTED**.

The Motion for Summary Judgment filed by Defendants Michael Bailey and Carol McBride (Doc. 65) is **GRANTED in part and DENIED in part**.

This case shall proceed on Plaintiff Dontaneous Salley's claim that Defendants Bailey and McBride violated his First Amendment right to access the court.

A status conference will be set by separate order for the purpose of discussing (1) recruitment of counsel to represent Salley at trial; (2) the possibility of a settlement conference; and/or (3) a firm trial date.

**IT IS SO ORDERED.**

DATED: July 20, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**